**UNITED STATES of America, Appellee,**

v.

**Darrell Everett WILLIAMS, Appellant.**

**No. 91–1219EM.**

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 26, 1991.

Decided Sept. 6, 1991.

Lee Lawless, St. Louis, Mo., argued (Ilene Goodman, on brief), for appellant.

Raymond Gruender, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before FAGG, BOWMAN and LOKEN, Circuit Judges.

PER CURIAM.

Darrell Everett Williams appeals the twelve month sentence he received following the revocation of his probation. We remand for resentencing.

Williams pleaded guilty to possession of marijuana, and on August 5, 1988, he was sentenced to three years probation. Williams later violated a number of state laws, including the sale of marijuana. In January 1991 the district court revoked Williams's probation and sentenced him to twelve months imprisonment. The district court sentenced Williams under the guidelines then in effect, applying policy statements contained in chapter seven of the sentencing guidelines that govern sentencing following probation revocation. *See* U.S.S.G. §§ 7B1.1, 7B1.3, 7B1.4 (Nov. 1, 1990).

Williams contends the district court committed error in failing to sentence him under the statutes and guidelines that applied when he was originally sentenced in August 1988. We agree. In *United States v. Von Washington*, 915 F.2d 390 (8th Cir. 1990), this court held that "following probation revocation, the district court [must] impose a sentence that was available at the time of the original sentencing." *Id.* at 391. Chapter seven of the guidelines did not become effective until November 1, 1990. Thus, the district court erroneously considered guideline policy statements that were not available when Williams was originally sentenced in August 1988.

Accordingly, we remand to the district court for resentencing. We leave to the district court the Government's contention

that because Williams was in possession of a controlled substance, the district court must "sentence [Williams] to not less than one-third of the original sentence," 18 U.S.C. § 3565(a) (1988), notwithstanding the guidelines sentence required by 18 U.S.C. § 3553(b).