**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William James DIXON, Jr., Defendant–Appellant.**

**Nos. 91–30136 to 91–30138.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 1991.*

Decided Dec. 16, 1991.

Marsha L. McDonough, Gereld Joel Gedrose & Associates, Portland, Or., for defendant-appellant.

Leslie K. Baker, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before WRIGHT, THOMPSON and T.G. NELSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

This appeal turns on whether a probation-violating defendant may receive a sentence other than that available at the time the defendant was first sentenced to probation. The Sentencing Guidelines allow it, but the underlying probation revocation statute prohibits it. To the extent that the Guidelines conflict with the statute, we find them invalid. Accordingly, we vacate Dixon's sentence for violating probation and remand for resentencing.

I

In July 1989, Dixon pleaded guilty to one count each of mail fraud and possessing stolen mail. Applying the Sentencing Guidelines, the court calculated a sentenc-

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

ing range of four to ten months, or, alternatively, a term of probation. The court chose probation.

In October 1990, while still on probation, Dixon robbed a bank. Once again he pleaded guilty. The court selected a midpoint in the available 37 to 46 month range, sentencing Dixon to 41 months for the robbery. It also revoked his probation. Applying the Guidelines' probation revocation provisions, the court calculated a sentencing range of 12 to 18 months for the probation violation. The court again chose the midpoint, sentencing Dixon to 15 months, to be served consecutively with the 41 month sentence.

## II

The Sentencing Commission recently revised the Guideline provisions [1] applicable to probation revocation. U.S.S.G. ch. 7 (Nov. 1, 1990). The new provisions direct a sentencing court to take account of the probation-violating conduct, together with the defendant's criminal history classification as of the time of the initial sentencing, to calculate a range. *Id.* § 7B1.4.

■ The underlying probation revocation statute specifies that when a court revokes probation, it must impose a sentence that was "available ... at the time of the initial sentencing." 18 U.S.C. § 3565(a)(2) (1988). Courts have consistently interpreted this language to require the sentencing court to apply the sentencing range calculated for the initial crime. *See United States v. White,* 925 F.2d 284, 286 (9th Cir.1991); *United States v. Von Washington,* 915 F.2d 390, 392 (8th Cir.1990); *United States v. Smith,* 907 F.2d 133, 135–36 (11th Cir. 1990); *cf. United States v. Stephenson,* 928 F.2d 728, 730 (6th Cir.1991) (noting this requirement applies to probation revocation but not to termination of supervised re-

lease). Because the probation-violating conduct had not yet occurred at the time of initial sentencing, courts have reasoned that any higher sentence justified by the later conduct was not "available" when the initial sentence was imposed. *White,* 925 F.2d at 286 (citing *Smith,* 907 F.2d at 135). A sentencing court may consider the probation-violating conduct in selecting the appropriate sentence within the range, but it may not use the later conduct to calculate a different range. *Id.* at 287.

■ The revised Guidelines contradict the statute. By directing sentencing courts to consider the probation-violating conduct in calculating the new sentence, the Guidelines run afoul of the plain language of section 3565. In short, the new provisions require courts to impose sentences that, in many cases, were not "available" at the time of initial sentencing.[2]

When Congress authorized the Commission to issue probation revocation Guidelines, it did not grant the Commission authority to contradict the probation revocation statute. In fact, the authorizing statute directs the Commission to develop guidelines and policy statements that are consistent with section 3565. *See* 28 U.S.C. § 994(a)(3) (1988) ("The Commission, ... consistent with all pertinent provisions of this title and title 18, ... shall promulgate ... guidelines or general policy statements regarding the appropriate use of the provisions for revocation of probation set forth in section 3565 of title 18...."). Rather than establishing an alternate to section 3565, the authorizing statute directs the Commission to create a scheme consistent with the underlying revocation statute.

Dixon's case highlights the issue. When he was first sentenced on the mail convictions, the applicable sentencing range was four to ten months. Under the new revoca-

---

1. The Commission issued policy statements rather than guidelines, but the distinction is not important here.

2. In a recent per curiam opinion, the Eighth Circuit adopted a different interpretation of "available" under section 3565. The court in *United States v. Williams,* 943 F.2d 896 (8th Cir.1991) refused to apply the new revocation

Guidelines, but did so because they had not been in effect at the time the defendant had first been sentenced to probation. *Id.* at 896. Under this court's view, "available" simply means "in effect." We reject this interpretation for it contradicts the plain language of section 3565, and is inconsistent with *White, Smith,* and *Von Washington.*

tion Guidelines, he faces a 12 to 18 month sentencing range, a range not "available" at the time of initial sentencing.

### III

 He also challenges the 41 month robbery sentence. Because he failed to ask the district court to depart downward, we construe his challenge as an attack on the court's discretionary selection of a sentence within a properly calculated range. We lack jurisdiction to hear such appeals. *United States v. Morales*, 898 F.2d 99, 101–02 (9th Cir.1990).

We DISMISS Dixon's appeal of his robbery sentence. We VACATE his 15 month probation-violation sentence, and REMAND for resentencing within the original four to ten month range.