**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Albert YOUNG, Defendant–Appellant.**

**No. 92–10283.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 1993.

Decided March 23, 1993.

Marc C. Ament, Asst. Federal Public Defender, Fresno, CA, for defendant-appellant.

William C. Hahesy, Patrick K. Hanly, Asst. U.S. Attys., Fresno, CA, for plaintiff-appellee.

Before: GOODWIN, NOONAN, and T.G. NELSON, Circuit Judges.

GOODWIN, Circuit Judge:

Albert Young appeals his 235 month sentence under the United States Sentencing Guidelines ("U.S.S.G.") following his jury conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Young argues (1) that the district court erred by sentencing him under the Armed Career Criminal provision,

U.S.S.G. § 4B1.4, because one of the prior convictions considered by the district court previously had been ruled constitutionally invalid, and (2) that the district court erroneously believed it did not have the authority to depart downward to the 15 year minimum of 18 U.S.C. § 924(e). We affirm.

I.

In 1991, Young was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Young's prior convictions included rape, felony armed robbery, arson, assault with a deadly weapon, and assault on a peace officer. Given Young's criminal history, the government filed a notice of intention to seek enhanced penalties pursuant to the Armed Career Criminal Statute, 18 U.S.C. § 924(e)(1). Pursuant to its obligation under § 924(e)(1), the government identified three previous incidents where Young had been convicted of violent felonies or serious drug offenses. One of these previous incidents involved a 1978 jury trial after which Young was convicted of assault with a deadly weapon (the "1978 conviction").

Young moved to strike reference to this prior conviction in the presentence report (PSR) on the ground that, in 1983, a judge on the Kings County California Superior Court had ruled the 1978 conviction "unconstitutional." This ruling came on Young's motion to strike reference to that conviction for the purpose of possible sentence enhancement ("1983 state court ruling").

In the present case, the district court denied Young's motion to strike after determining that the 1983 state court ruling did not bind the district court. The district court therefore sentenced Young pursuant to § 924(e)(1) and the relevant portions of the U.S.S.G.

The PSR calculated the total offense level to be "33" and the criminal history category to be "VI." These calculations resulted in a guideline range of 235 to 293 months. The PSR recommended 293 months of incarceration. After concurring with the PSR's calculation of Young's offense level and criminal history category, the district court sentenced Young to 235 months, the low end of the guideline range.

■ We review the district court's interpretation of the Sentencing Guidelines as a question of law. *United States v. Blaize*, 959 F.2d 850, 851 (9th Cir.) (interpretation of the Sentencing Guidelines is reviewed de novo), *cert. denied*, — U.S. —, 112 S.Ct. 2954, 119 L.Ed.2d 576 (1992). The same standard applies to the district court's determination that a prior conviction may be used in computing a defendant's sentence. *United States v. Gross*, 897 F.2d 414, 416 (9th Cir.1990).

II.

■ Young's extensive criminal career required the district court to sentence him pursuant to 18 U.S.C. § 924(e)(1) and the corresponding "Armed Career Criminal" section of the Sentencing Guidelines, U.S.S.G. § 4B1.4. Section 924(e)(1) provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years ....

18 U.S.C. § 924(e)(1).

In arguing that he was incorrectly sentenced under section 924(e)(1), Young relies on Application Note 6 to Sentencing Guideline § 4A1.2 which "limit[s] the consideration of constitutionally invalid prior convictions." *United States v. Guthrie*, 931 F.2d 564, 570 (9th Cir.1991). In relevant part, Application Note 6 provides that "sentences resulting from convictions that a defendant shows to have been previously ruled constitutionally invalid are not to be counted." U.S.S.G. § 4A1.2, comment. (n. 6). Young argues that his 1978 conviction was "previously ruled constitutionally invalid." Therefore, Young argues, the district court committed error when it counted that conviction as a "previous conviction"

under 18 U.S.C. § 924(e)(1) and U.S.S.G. § 4B1.4.

Young's argument incorrectly assumes that the 1983 state court ruling held the 1978 conviction unconstitutional in a way that bound the district court here. Instead, as the district court concluded, the 1983 state court ruling had no issue preclusive effect. In a different context, this court commented on the limited effect of the striking of a sentence enhancing allegation. *See Newton v. Superior Court of California,* 803 F.2d 1051, 1056 (9th Cir.1986). In *Newton,* we explained:

> [T]he striking of a sentence enhancing allegation of a prior conviction has no preclusive effect notwithstanding a determination that it was constitutionally invalid. Motions to strike such an allegation do not vacate the underlying conviction. The purpose of a motion to strike is to challenge *only the present effect* of the prior conviction. If a California trial court grants a motion to strike the allegation of a prior conviction, it cannot be used to enhance the punishment in *that* criminal proceeding.

803 F.2d at 1056 (quotations and citations omitted) (emphasis added); *see also People v. Sumstine,* 36 Cal.3d 909, 206 Cal.Rptr. 707, 687 P.2d 904 (1984) (California law provides that the striking of an allegation of a prior conviction in a pending criminal proceeding does not preclude the use of the prior conviction in subsequent proceedings). Thus, the 1983 state court ruling only limited the effect of the 1978 conviction in *that* proceeding. It did not transform the 1978 conviction into a conviction "previously ruled constitutionally invalid" as that term is used in Application Note 6.

Nothing in the Sentencing Guidelines nor the Application Notes requires this court to reach the absurd result Young's argument requires. The state court's granting of the motion to strike the 1978 conviction as "unconstitutional" was based on the premise that Young had pleaded guilty in that case without first being advised of his constitutional rights. The record reveals that Young's 1978 conviction was the result of a *jury trial.* The motion to strike the 1978 conviction was plainly part of a plea bargain. Young had the benefit of this bargain in his 1983 state case. We will not construe the Guidelines in a manner that entitles him to a second windfall.

## III.

Young additionally argues that the district court wrongly believed that it did not have the authority to depart downward from the guideline range of 235–293 months to the 15 year minimum established by 18 U.S.C. § 924(e). Young contends that the district court expressed concern about his age and health, and that the district court might have departed downward had it realized that it had the authority to do so. Young therefore suggests that this court remand for resentencing. We reject these arguments.

This court lacks jurisdiction to review the district court's discretionary selection of a sentence within a properly calculated guideline range. *United States v. Dixon,* 952 F.2d 260, 262 (9th Cir.1991) (where defendant "failed to ask the district court to depart downward, we construe his challenge as an attack on the court's discretionary selection of sentence within a properly calculated range. We lack jurisdiction to hear such appeals."). The record here reveals that Young made no request that the district court depart downward. Instead, he merely asked for, and received, a sentence at the low end of the guideline range.

While we would have jurisdiction if the district court had operated under the mistaken belief that it was without authority to depart downward, *see United States v. Cook,* 938 F.2d 149, 152 (9th Cir.1991), nothing in the record indicates that the district court lacked knowledge of its authority to depart. *United States v. Garcia–Garcia,* 927 F.2d 489, 491 (9th Cir. 1991) ("[T]he district court has no obligation affirmatively to state that it has authority to depart when it sentences within the guideline range instead of departing.").

AFFIRMED.