15 F.3d 1092
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Horace JOHNSON, Defendant-Appellant.
 No. 92-10059.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1993.*
Decided Dec. 21, 1993.
 
 1
 Before: WALLACE, Chief Judge, GARTH** and WIGGINS, Circuit Judges
 
 MEMORANDUM
 
 2
 Johnson appeals from the judgment of conviction for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Secs. 846, and possession with intent to distribute cocaine, and aiding and abetting the possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. The district court exercised jurisdiction over this case pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction over Johnson's appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 I.
 
 3
 Johnson challenges the sufficiency of the evidence presented by the Government at trial. We will uphold a conviction if, viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. United States v. Martinez, 967 F.2d 1343, 1345 (9th Cir.1992).
 
 
 4
 The essential elements of conspiracy are (1) an agreement to engage in criminal activity and (2) the commission of an overt act in furtherance of the conspiracy. United States v. Buena-Lopez, 987 F.2d 657, 659 (9th Cir.1993). An agreement may be inferred from the defendant's acts or other circumstantial evidence. Id.; United States v. Foster, 985 F.2d 466, 469 (9th Cir.1993). "Although a defendant's mere proximity to the scene of a crime is insufficient to establish his knowing participation in a conspiracy, seemingly innocent acts, when viewed in their proper context, may support an inference of guilt." Buena-Lopez, 987 F.2d at 659.
 
 
 5
 Johnson argues that the Government failed to establish a conspiracy. A thorough review of the record compels us to hold otherwise. The Government presented transcripts of taped telephone conversations between alleged co-conspirator George Bensen and undercover police officer George Nazzal in which the former makes reference to others with whom he was dealing drugs. The Government also showed that Johnson was present at the pre-arranged drug-transaction meeting place, and that he arrived in an automobile, following Bensen, at the revised meeting place--a McDonald's parking lot--minutes after Bensen told Officer Nazzal that he would go get his "guy" with the drugs.
 
 
 6
 In addition, Officer Nazzal testified that he witnessed Johnson acknowledge Bensen's pointing out Nazzal's presence in the McDonald's parking lot. Officer Nazzal also testified that he saw Bensen talking with Johnson at the edge of the parking lot and that immediately afterwards he saw Bensen carrying, for the first time that day, a brown paper bag which was later found to contain two kilos of cocaine. Finally, Johnson was arrested with a beeper which, at minimum, linked him to the phone number used by Bensen and Officer Nazzal. This evidence, though circumstantial, was sufficient to establish the existence of an agreement between two individuals to pursue an unlawful objective, and Johnson's connection thereto.
 
 II.
 
 7
 This evidence also was sufficient to convict Johnson of possession with intent to distribute, and of aiding and abetting. To convict an individual of possession with intent to distribute cocaine, the government must prove the defendant's (1) actual possession, dominion or control of the cocaine, (2) knowledge that the substance is cocaine, and (3) intent to distribute. United States v. Hegwood, 977 F.2d 492, 498 (9th Cir.1992) (citing cases), cert. denied sub nom. Wilson v. United States, 113 S.Ct. 2348 (1993). To convict an individual of aiding and abetting, the Government must prove that the defendant has, in some way, associated himself with, and participated in, the venture, and that he sought by his actions to make it succeed. United States v. Vasquez-Chan, 978 F.2d 546, 552 (9th Cir.1992).
 
 
 8
 As mentioned, the evidence implicating Johnson was circumstantial. There was substantial evidence, however, tying Johnson to the cocaine, the drug transaction, and the conspiracy as a whole. Even though no witness testified that he actually saw Johnson holding the paper bag containing the cocaine, viewing the evidence in the light most favorable to the Government, the jury certainly could have inferred that Bensen had received the drugs from Johnson. In addition, the evidence clearly establishes that Bensen possessed the cocaine. As a co-conspirator, Johnson is jointly liable for any act performed by Bensen in furtherance of the conspiracy. United States v. Hegwood, 977 F.2d at 498 (holding co-conspirators jointly liable for acts of any conspirator done in furtherance of conspiracy) citing Pinkerton v. United States, 328 U.S. 640, 646-47, 66 S.Ct. 1180, 1183-84, 90 L.Ed. 1489 (1946).
 
 
 9
 In sum, there was sufficient evidence to convict Johnson of both of the charged counts.
 
 III.
 
 10
 Johnson also appeals the district court's decision to admit statements made by Bensen, an alleged co-conspirator, to Officer Nazzal, and to admit evidence of Johnson's 1987 arrest for possession of cocaine for sale. We review a district court's decision to admit or exclude evidence for abuse of discretion. United States v. Garza, 980 F.2d 546, 553 (9th Cir.1992); United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir.1993). We find no such abuse.
 
 
 11
 The preponderance of the evidence supports the conclusion that Bensen's statements to Officer Nazzal were made in furtherance of the alleged conspiracy. Garza, 980 F.2d at 553. Although a co-conspirator's statement alone is insufficient to establish that a defendant had knowledge of and participated in a particular conspiracy, United States v. Miller, 981 F.2d 439, 442 (9th Cir.1992), cert. denied, 113 S.Ct. 2945 (1993), here, the Government presented sufficient evidence, in addition to Bensen's statements, linking Johnson to the conspiracy. The district court properly considered this corroborating evidence in light of Bensen's statements themselves. Id. See also, United States v. Loya, 807 F.2d 1483, 1490 (9th Cir.1987) (holding district court has discretion to vary order of proof in admitting co-conspirator's statements).
 
 
 12
 Nor did the district court abuse its discretion in admitting evidence of Johnson's 1987 arrest for possession of cocaine for sale. Evidence admitted under Federal Rule of Evidence 404(b) must satisfy the following four requirements: (1) it must prove a material element of the offense for which the defendant is now charged; (2) in certain cases, the prior conduct must be similar to the charged conduct; (3) proof of the prior conduct must be based upon sufficient evidence; (4) its probative value must not be outweighed by its prejudicial effect under Fed.R.Evid. 403; and (5) the prior conduct must not be too remote in time. Arambula-Ruiz, 987 F.2d at 602.
 
 
 13
 All of these requirements were satisfied in the present case. This Court has consistently held that evidence of prior possession or sale of cocaine is relevant to issues of intent, knowledge, and absence of mistake or accident in a prosecution for possession of, and intent to distribute cocaine. Hegwood, 977 F.2d at 497 (citing cases). In particular, the Government presented sufficient evidence linking Johnson to the narcotics activity forming the basis of the 1987 arrest, and the district court explicitly found that the probative value of the evidence was not offset by its prejudicial effect. The district court also instructed the jury as to the limited relevance of the proffered evidence. See United States v. Rubio-Villareal, 927 F.2d 1495, 1503 (9th Cir.1991); United States v. Houser, 929 F.2d 1369, 1373 (9th Cir.1990). Consequently, there was no abuse of discretion.
 
 IV.
 
 14
 Finally, Johnson objected at sentencing to the use of his 1979 state robbery conviction as one of the two prior felony convictions necessary to establish career offender status under section 4B1.1 of the United States Sentencing Guidelines.
 
 
 15
 We agree with the district court's conclusion that Johnson's 1979 conviction properly was admitted for the purpose of sentencing. We review de novo the district court's determination that a prior conviction may be used for the purpose of sentencing. United States v. Young, 988 F.2d 1002, 1003 (9th Cir.1993).
 
 
 16
 It is the defendant who bears the burden of proving the constitutional invalidity of a prior conviction by a preponderance of the evidence. United States v. Newman, 912 F.2d 1119, 1121 (9th Cir.1990). Here, the evidence presented to the district court overwhelmingly established that Johnson's 1979 guilty plea was both knowing and intelligent and that he had not been deprived of the effective assistance of counsel. Johnson himself acknowledged that he had been represented by four attorneys in the 1979 case, that he was present at the preliminary hearing, that he was advised of all his rights at the time of his plea, that his plea was voluntary, and that he was aware of the plea agreement. Thus, Johnson failed to satisfy his burden of proving by a preponderance of the evidence that his 1979 conviction was unconstitutional. The district court properly applied Johnson's 1979 conviction towards establishing career offender status for the purpose of sentencing.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Leonard I. Garth, United States Circuit Judge, Third Circuit Court of Appeals, sitting by designation