21 F.3d 1116
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Lamar BURRELL, Defendant-Appellant.
 No. 92-30467.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1994.*
Decided March 31, 1994.
 
 Before: BROWNING, KOZINSKI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A. Burrell claims the district court erred in determining his criminal history category because, even though he was on probation when he committed the armed bank robberies, he did not honestly and reasonably believe he was on probation. We review the district court's findings of fact underlying a sentence for clear error. United States v. Turner, 898 F.2d 705, 708 (9th Cir.1990). The district court did not err in concluding Burrell knew he was on probation. Moreover, even if he didn't know, U.S.S.G. Sec. 4A1.1(d) asks whether a defendant is on probation, not whether he honestly believes that he is.
 
 
 3
 B. Burrell next claims the district court erred in enhancing his sentence for the use of a firearm under U.S.S.G. Sec. 2B3.1(b)(2) because he also received a statutory enhancement under 18 U.S.C. Sec. 924(c). We review the district court's interpretation of the Sentencing Guidelines de novo. United States v. Young, 988 F.2d 1002, 1003 (9th Cir.1993). Burrell committed three armed bank robberies and the district court properly took into account his use of a firearm in each. The section 924(c) enhancement applied to his third armed robbery conviction, while the other two were properly enhanced under section 2B3.1(b)(2).
 
 
 4
 Burrell nevertheless argues that the district court's application of the Guidelines' grouping rules resulted in double-counting. We cannot agree. The combined offense level under U.S.S.G. Sec. 3D1.1-5 accurately reflected the respective offense levels for each conviction. The section 924(c) sentence was applied to the resulting sentence, appropriately punishing--for the first time--Burrell's use of a firearm in the third bank robbery.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3