28 F.3d 109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus MATA-CRUZ, Defendant-Appellant.
 No. 93-30403.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 7, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Mata-Cruz appeals his 70-month sentence imposed following his guilty plea to illegally reentering the United States after having been deported, in violation of 8 U.S.C. Sec. 1326(b)(2). Mata-Cruz contends the district court erred by determining that three prior sentences were not "related" for purposes of determining his criminal history score, because the underlying offenses were consolidated for sentencing. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo the district court's interpretation and application of the Sentencing Guidelines. United States v. Smith, 991 F.2d 1468, 1470 (9th Cir.1993). For purposes of determining a defendant's criminal history score, "related" prior sentences are counted as one sentence and "unrelated" sentences are counted separately. U.S.S.G. Sec. 4A1.2(a)(2). Under the version of the Guidelines applicable to this case, "whenever offenses are separated by intervening arrests, the sentences for those offenses are unrelated regardless of whether sentencing was consolidated." United States v. Gallegos-Gonzalez, 3 F.3d 325, 327 (9th Cir.1993).[1]
 
 
 4
 Here, Mata-Cruz does not dispute that the three sentences at issue were for offenses separated by intervening arrests. Rather, he contends that two of the three sentences are related because they were consolidated for sentencing and Application Note 3 to section 4A1.2 states that "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest." Sec. 4A1.2, comment. (n. 3) [emphasis added]. Mata-Cruz argues that Note 3's reference to "an intervening arrest" means that only one intervening arrest may be considered in determining whether multiple consolidated sentences are related.
 
 
 5
 As the district court correctly concluded, our holding in Gallegos-Gonzalez forecloses this interpretation of section 4A1.2. There, we held that "Note 3 instructs that whenever offenses are separated by intervening arrests, the sentences for those offenses are unrelated regardless of whether sentencing was consolidated.... The new rule [is] that sentences separated by intervening arrests are never related." 3 F.3d at 327. Accordingly, because Mata-Cruz's consolidated sentences were for three offenses, each separated from the next by an intervening arrest, the district court properly determined that the sentences are unrelated pursuant to section 4A1.2(a)(2).
 
 
 6
 Mata-Cruz also contends the district court erred by failing to depart downward on the ground that his criminal history score overrepresented the seriousness of his conduct. Because Mata-Cruz failed to ask the district court to depart downward and nothing in the record indicates the court believed it lacked authority to depart, we construe this challenge as an attack on the court's discretionary selection of a sentence within the applicable Guideline range. See United States v. Young, 988 F.2d 1002, 1004 (9th Cir.1993); United States v. Dixon, 952 F.2d 260, 262 (9th Cir.1991) (same)). We lack jurisdiction to consider such a claim. Young, 988 F.2d at 1004; Dixon, 952 F.2d at 262.
 
 
 7
 AFFIRMED in part, DISMISSED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Effective Nov. 1, 1991, the commentary to section 4A2.1 was amended to say that prior sentences are not considered related if they were for offenses that were separated by an intervening arrest. U.S.S.G. App. C, amend. 382 (1992); Sec. 4A1.2 comment. (n. 3) (1992); Gallegos-Gonzalez, 3 F.3d at 326
 Mata-Cruz committed the present offense in July 1992. Accordingly, the amendments effective Nov. 1, 1991 govern his sentence. See Gallegos-Gonzalez, 3 F.3d at 326 n. 1; United States v. Bishop, 1 F.3d 910, 911-12 (9th Cir.1993) (version of section 4A1.2 in effect when offense of conviction was committed governs sentence).