28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Royland RICE, Defendant-Appellant.
 No. 93-16052.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 8, 1994.
 
 Before: TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Royland Rice appeals his 115-month sentence imposed following a bench trial on four counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a). For the first time on appeal, Rice contends the district court erred by failing to depart downward pursuant to U.S.S.G. Sec. 4A1.3 on the ground that his criminal history category overrepresents the seriousness of his criminal conduct. We dismiss this appeal.
 
 
 3
 This court lacks jurisdiction to review a district court's discretionary selection of a sentence within a properly calculated Guideline range. United States v. Young, 988 F.2d 1002, 1004 (9th Cir.1993). Where a defendant failed to ask the sentencing court to depart downward, we have construed his challenge to the court's failure to depart as an attack on the court's discretionary selection of a sentence within the applicable range. See id.; United States v. Dixon, 952 F.2d 260, 262 (9th Cir.1991). Similarly, we have interpreted a district court's imposition of a sentence above the low end of the Guidelines range as indicating its disinclination to depart downward. See United States v. Sanchez, 914 F.2d 1355, 1363 (9th Cir.1990), cert. denied, 499 U.S. 978 (1991).
 
 
 4
 Here, the presentence report recommended a sentence at the high end of the Guideline range of of 92 to 115 months, based on a criminal history category of V. The report suggested that an upward departure might be warranted based on the underrepresentation of Rice's criminal history. In his sentencing memorandum, Rice stated:
 
 
 5
 Defendant Rice knows of no reason why an upward departure "may be warranted." Defendant believes that there are only grounds for a downward departure. Therefore, should this court at sentencing indicate an inclination to upwardly depart, defendant will seek a brief continuance ... in order to produce witnesses and documents designed to persuade the court that the only reasonable departure in this case would be a downward one.
 
 
 6
 The record reveals no other mention of a downward departure. At sentencing, Rice asked the court to sentence him to "no more than 92 months." Because nothing in the record indicates the district court believed it lacked authority to depart, and it imposed a sentence at the high end of the applicable range, we lack jurisdiction over this appeal. See Young, 988 F.2d at 1004; Sanchez, 914 F.2d at 1363.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3