UNITED STATES of America,
Plaintiff–Appellee,

v.

Segundo REGALADO–FRIAS,
Defendant–Appellant.

No. 98–10055.

D.C. No. CR–97–00027–LDG.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 15, 2000.[1]

Decided Jan. 2, 2001.

Before SCHROEDER, NOONAN, and W. FLETCHER, Circuit Judges.

### MEMORANDUM [2]

Defendant Segundo Regalado–Frias pleaded guilty to two criminal charges for trafficking in methamphetamine. He appeals the sentence imposed by the district court.

Mr. Regalado–Frias received a sentence of 235 months of incarceration. The district judge arrived at this sentence in the following manner: Regalado–Frias had eighteen criminal history points, yielding a criminal history category of six, which indicated a sentencing range of 188 to 235 months, given the drug amounts involved. The district court assigned a sentence at the "upper end" of that range based largely on its assessment of Regalado–Frias

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

criminal history; in its view, the defendant's willingness to violate the law repeatedly indicated that "leniency was not appropriate at all." Regalado–Frias appeals the decision to impose a sentence at the upper end of the range because he believes that it impermissibly "double counted" his criminal history.

■ The cases cited by petitioner in support of this argument examine multiple considerations of the same criminal conduct during the calculation of the appropriate sentencing range under the Guidelines. In contrast, the district court in this case properly calculated an appropriate sentencing range for Regalado–Frias based on his criminal history, and then selected a sentence from that range based on its evaluation of the petitioner's propensity for recidivism. Even if this involved consideration of certain facts more than once, it does not constitute "double counting" as we have defined that term.

■ Because the appropriate sentencing range under the Guidelines is not in question, we lack jurisdiction to hear this appeal. 18 U.S.C. § 3742(a) allows this court to hear appeals of criminal sentences in four circumstances. Because "none of [these circumstances] characterizes a district court's discretionary decision to sentence at a particular place within the applicable Guidelines range," we are unable to review the district court's determination of Mr. Regalado–Frias' sentence within the sentencing range. *United States v. Reed,* 914 F.2d 1288, 1290 (9th Cir.1990); *see also United States v. Young,* 988 F.2d 1002, 1004 (9th Cir.1993) ("This court lacks jurisdiction to review the district court's discretionary selection of a sentence within a properly calculated guideline range.").

Accordingly, the sentence imposed by the district court is AFFIRMED.