**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eduardo GALLEGOS–GONZALEZ,**
**Defendant–Appellant.**

**No. 92–50599.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 16, 1993.*

Decided Aug. 24, 1993.

---

* This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Cesar E. Trevino, San Diego, CA, for defendant-appellant.

John P. Pierce, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before: FLOYD R. GIBSON,** HALL and KLEINFELD, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Eduardo Gallegos–Gonzalez appeals his sentence under the Sentencing Guidelines for his guilty plea conviction of distribution of phencyclidine in violation of 21 U.S.C. § 841(a)(1). The district court had jurisdiction under 18 U.S.C. § 3231, and this Court has jurisdiction over Gallegos' timely appeal pursuant to 18 U.S.C. § 3742. We affirm.

I

Gallegos was convicted of selling $200 worth of phencyclidine (PCP) in violation of 21 U.S.C. § 841(a)(1). Finding that Gallegos had two previous felony convictions, the district court sentenced him as a "career offender" under section 4B1.1 of the Sentencing Guidelines. Accordingly, the court set Gallegos' base offense level at 32 and his criminal history category at VI and sentenced him to 168 months in prison.

The district court relied on two 1989 convictions to establish Gallegos' career offender status. Gallegos was arrested for selling PCP on September 12, 1989 and was eventually released on bail. He was later arrested for assault with a deadly weapon, a charge stemming from an incident that occurred on

** The Honorable Floyd R. Gibson, Senior Circuit Judge, Eighth Circuit, sitting by designation.

1. Gallegos committed the present drug offense on December 11, 1991 and was sentenced by the district court on August 17, 1992. Therefore,

September 25, 1989. He pled guilty to the drug and assault charges on December 11, 1989 and December 26, 1989, respectively. He was sentenced for both offenses at the same proceeding on February 14, 1990, and in accordance with his plea bargain he received two concurrent three-year prison terms.

II

Gallegos challenges his designation as a career offender. We review de novo the district court's interpretation of the career offender provisions of the Sentencing Guidelines. *United States v. Morrison*, 972 F.2d 269, 270 (9th Cir.1992).

In order to qualify as a career offender, a defendant must have at least two prior felony convictions of either a crime of violence or a controlled substance offense. United States Sentencing Commission, *Guidelines Manual* § 4B1.1 (Nov. 1991). Moreover, at least two of these prior convictions must have sentences which are counted separately—that is, sentences imposed in unrelated cases. U.S.S.G. §§ 4B1.2(3), 4A1.2(a)(2).

Gallegos contends that he was improperly designated a career offender because the 1989 cases were consolidated for sentencing, are therefore "related," and are not counted separately as required to qualify for career offender sentence enhancement. He relies on application note 3 to section 4A1.2, which this Court has not considered since it was amended in November, 1991.[1]

The first half of Note 3 reads:

Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that ... (3) were consolidated for trial or sentencing.

Gallegos' sentence is governed by the November 1991 amendments to section 4A1.2, which became effective November 1, 1991. U.S.S.G.App. C (n. 382); *see* 18 U.S.C. § 3553(a)(4) (1988).

U.S.S.G. § 4A1.2 comment. (n.3.). Focusing on the last sentence of the quoted language, Gallegos argues that all cases consolidated for sentencing must be considered to result in "related" sentences.

This interpretation ignores the plain language and structure of Note 3. In determining whether cases are related, the first question is always whether the underlying offenses were punctuated by an intervening arrest; by the logic and ordering of Note 3, that inquiry is preliminary to any consideration of consolidated sentencing. The use of the word "otherwise" indicates that sentence consolidation is relevant only in the absence of intervening arrests. Properly read, Note 3 instructs that whenever offenses are separated by intervening arrests, the sentences for those offenses are unrelated regardless of whether sentencing was consolidated.

In addition to its role in the career offender inquiry, the definition of related cases in Note 3 also affects the calculation of criminal history points for non-career offenders. The second half of Note 3 explains that related sentences may sometimes lead to a criminal history score that underrepresents the seriousness of a defendant's past crimes:

> For example, if a defendant was convicted of a number of serious non-violent offenses committed on different occasions, and the resulting sentences were treated as related because the cases were consolidated for sentencing, the assignment of a single set of points may not adequately reflect the seriousness of the defendant's criminal history or the frequency with which he has committed crimes. In such circumstances, an upward departure may be warranted.

*Id.* Gallegos claims that since the sentences in the hypothetical were treated as related, Note 3 implicitly embraces the rule that consolidated sentences are always related.

This reading is flawed because the hypothetical describes a situation in which there were no intervening arrests. Not only does the hypothetical fail to mention separate arrests, but that element was specifically removed from the example by the 1991 amendment. In the previous version of Note 3, the hypothetical defendant committed "a number of offenses on independent occasions separated by arrests." U.S.S.G. § 4A1.2 comment. (n. 3) (Nov. 1990).[2] The phrase "separated by arrests" was omitted from the amended version, presumably so that the hypothetical would conform to the new rule that sentences separated by intervening arrests are never related. Neither half of Note 3, then, stands for what Gallegos claims.[3]

Gallegos also cites decisions of this circuit holding that sentences from cases consolidated for sentencing are related under section 4A1.2. *See United States v. Bachiero*, 969 F.2d 733, 734 (9th Cir.1992); *United States v. Chapnick*, 963 F.2d 224, 228 (9th Cir.1992); *United States v. Fine*, 946 F.2d 650, 653–54 (9th Cir.1991), *superceded in nonpertinent part*, 975 F.2d 596 (9th Cir.1992) (en banc); *see also United States v. Delvecchio*, 920 F.2d 810, 812–13 (11th Cir.1991), *cert. denied*, —— U.S. ——, 113 S.Ct. 156, 121 L.Ed.2d 106 (1992). While acknowledging that these cases interpret pre–1991 versions of Note 3, Gallegos nevertheless urges us to follow them. We decline to do so in this case for two reasons. First, we are not here concerned with whether Gallegos' two prior cases were "consolidated for sentencing," but

---

**2.** The previous version of Note 3 read:

3. *Related Cases.* Cases are considered related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing. The court should be aware that there may be instances in which this definition is overly broad and will result in a criminal history score that underrepresents the seriousness of the defendant's criminal history score and the danger that he presents to the public. For example, if the defendant commits a number of offenses on independent occasions separated by arrests, and the resulting criminal cases are consolidated and result in a combined sentence of eight years, counting merely three points for this factor will not adequately reflect either the seriousness of the defendant's criminal history or the frequency with which he commits crimes. In such circumstances, the court should consider whether departure is warranted. *See* 4A1.3.

U.S.S.G. § 4A1.2 comment. (n. 3) (Nov. 1990).

**3.** Gallegos also argues that we should ignore the intervening arrest language in the current version of Note 3 because it conflicts with the remainder of the note. As the preceding discussion shows, there is no conflict.

rather whether they are unrelated in spite of that fact.[4]  Second, the 1991 amendments have changed the meaning of Note 3 significantly.  Prior to 1991, Note 3 arguably appeared to define all cases consolidated for sentencing as "related."  As explained above, Note 3 no longer permits that interpretation.  The intervening arrest language was added "to provide that cases separated by an intervening arrest for one of the offenses are not treated as related cases."  U.S.S.G.App. C (n. 382).  Consequently, the cases to which Gallegos refers do not apply.

The one case Gallegos cites which addresses the 1991 amendments to the Guidelines is *United States v. Woods*, 976 F.2d 1096 (7th Cir.1992).  *Woods* actually contradicts Gallegos' interpretation of Note 3.  The Seventh Circuit view under the pre–1991 Guidelines was that consolidated sentences were not necessarily related.  *United States v. Elmendorf*, 945 F.2d 989 (7th Cir.1991), *cert. denied*, ── U.S. ──, 112 S.Ct. 990, 117 L.Ed.2d 151 (1992).  *Woods* refused to extend that interpretation to sentences imposed under the Guidelines as amended in 1991, finding that "[g]iven [the] additions to the Guidelines text and the application notes, a defendant's prior sentences that have been consolidated for trial or sentencing must be considered related under Section 4A1.2."  *Woods*, 976 F.2d at 1101.  At the same time, *Woods* explicitly recognized an exception to its new rule where there are intervening arrests: "Note 3 also states (in another sentence added in the November 1991 amendments) that if the criminal conduct is separated by arrests, the ensuing convictions are never considered related even if consolidated for trial or sentencing."  *Id.* at 1102.  *Woods* further weakens Gallegos' interpretation of Note 3.

■  We conclude that sentences for offenses separated by an intervening arrest are always unrelated under section 4A1.2 as amended in 1991, regardless whether the cases were consolidated for sentencing.  Under the Guidelines as amended, Gallegos' 1989 convictions are clearly unrelated, as he was arrested and released for the drug offense two weeks prior to committing the assault, and would be counted separately under section 4A1.1.  Accordingly, his two prior felony convictions meet the definitional requirements of section 4B1.2(3) and his classification as a career offender under section 4B1.1 was proper.

### III

■  Gallegos argues next that his 1989 state drug conviction is not a felony and cannot be used to establish career offender status under section 4B1.2(3).  Specifically, he claims that the evidence was insufficient to convict him of that offense; that his guilty plea was made under the coercive pressure of his subsequent arrest for assault with a deadly weapon; and that his actual conduct underlying the state conviction should be construed as a misdemeanor for sentencing purposes because it would not qualify as a felony under section 4B1.2 application note 3 if sentenced under federal law.

The first two claims are essentially challenges to the validity of Gallegos' guilty plea.  We decline to reach the merits of these arguments because they were not presented before the district court.  An issue will not be considered if raised for the first time on appeal unless

(1) there are 'exceptional circumstances' why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court.

*United States v. Smith*, 905 F.2d 1296, 1302 (citation omitted).  None of these exceptions apply.  Gallegos has not mentioned, and we do not discern, any exceptional circumstance that kept him from challenging the validity of his guilty plea at trial.  The new issues do not arise from a change in the law.  Furthermore, whether there was a factual basis for a

---

4.  Gallegos argues, and the government does not dispute, that the two 1989 cases were "consolidated for sentencing" within the meaning of sec-tion 4A1.2 application note 3.  For purposes of our decision, we assume Gallegos is correct.

plea, and whether a guilty plea was coerced, are largely factual questions.

We also reject Gallegos' claim that his 1989 state drug offense is not a prior felony conviction within the meaning of sections 4B1.1 and 1.2.[5] A prior felony conviction used to establish career offender status may stem from an offense under state law, so long as the offense is punishable by death or imprisonment for a term exceeding one year. U.S.S.G. § 4B1.2(2) & comment. (n. 3). A violation of section 11379.5 of the California Health and Safety Code, which prohibits the furnishing of phencyclidine and punishes a violation by a prison sentence of three to five years, *see* Cal. Health & Safety Code § 11379.5 (West 1991), qualifies as a controlled substance offense and a prior felony conviction.

Gallegos points to section 1B1.2 application note 3, which urges the court to consider the actual conduct of an offender. His reliance is misplaced; the guideline suggests that a court look to the actual conduct underlying the instant offense before the court for sentencing, not that conduct underlying prior convictions forming the basis for a criminal history assessment.

Gallegos pled guilty to furnishing PCP and the California court accepted that plea; these facts refute his claim that the actual conduct of his prior offense was less culpable or less serious than that to which he pled guilty. No challenge was raised to the validity of the plea. Consequently, the district court did not err in counting the sentence from that case as a prior felony conviction under section 4B1.1.

The sentence is **AFFIRMED.**

---

5. Gallegos contends that the conduct of which he was convicted would have been punishable by a maximum jail term of only eight months under federal law. Although our decision does not turn on this point, we note that Gallegos is incorrect. *See* U.S.S.G. § 2D1.1(c)(16).