28 F.3d 109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
John Mitsuo HARAGUCHI, Defendant/Appellant.
 No. 93-10602.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 13, 1994.
Decided May 20, 1994.
 
 Before: FARRIS, BEEZER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Mitsuo Haraguchi appeals his sentence under the Sentencing Guidelines for his guilty plea conviction of possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction over the timely appeal pursuant to 18 U.S.C. Sec. 3742. We affirm.
 
 
 3
 Haraguchi contends the district court erred when it sentenced him as a "career offender" under section 4B1.1 of the Sentencing Guidelines. He raises the following three claims: (1) his two 1981 first degree burglary convictions in Hawaii were related and should only count as one prior offense; (2) his four 1974 second degree burglary convictions in Hawaii cannot be considered crimes of violence, as defined by the sentencing guidelines; and (3) because his guilty pleas in the 1974 convictions were involuntarily obtained, these convictions cannot be used to determine career offender status.
 
 
 4
 We review de novo a district court's application of the career offender provisions of the Sentencing Guidelines. United States v. Morrison, 972 F.2d 269, 270 (9th Cir.1992). Factual findings in the sentencing phase are reviewed for clear error. United States v. Heim, 15 F.3d 830, 832 (9th Cir.1994).
 
 
 5
 "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. Sec. 4B1.1. The term "crime of violence" includes a conviction for "burglary of a dwelling" punishable by more than a year in prison. U.S.S.G. Sec. 4B1.2 & comment. (n. 1). Under Hawaii law, a person commits first degree burglary "if he intentionally enters or remains unlawfully in a building, with intent therein to commit a crime against a person or against property rights, and ... the building is ... a dwelling." Haw.Rev.Stat. Sec. 708-810. Therefore, first degree burglary in Hawaii is a crime of violence.
 
 
 6
 A defendant does not qualify as a career offender unless the sentences for at least two of the prior convictions were imposed in unrelated cases. United States v. Gallegos-Gonzalez, 3 F.3d 325, 326-27 (9th Cir.1993) (citing U.S.S.G. Secs. 4B1.2(3), 4A1.2(a)(2)). Haraguchi argues that because his two 1981 first degree burglary convictions were consolidated for sentencing, they are "related," and should not count as separate offenses for purposes of career offender sentence enhancement. However, the district court found that these two burglary offenses were separated by an intervening arrest. Application note 3 to section 4A1.2 provides:
 
 
 7
 Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that ... (3) were consolidated for trial or sentencing.
 
 
 8
 In Gallegos-Gonzalez, we considered Note 3 for the first time since it had been amended in November, 1991. 3 F.3d at 326. We held that "sentences for offenses separated by an intervening arrest are always unrelated under section 4A1.2 as amended in 1991, regardless whether the cases were consolidated for sentencing." Id. at 328. Haraguchi mistakenly relies on cases we decided before the language about intervening arrests was added to Note 3 in 1991. Id. at 327-28 (distinguishing cases that had interpreted the earlier version of Note 3).
 
 
 9
 The district court properly concluded that Haraguchi's 1981 first degree burglary convictions were two separate offenses. These two convictions establish his status as a career offender and his criminal history category of VI. Thus, we need not consider Haraguchi's other claims.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3