28 F.3d 108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith W. BURKS, Defendant-Appellant.
 No. 93-30125.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 8, 1994.
 
 Before: WRIGHT, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Burks pleaded guilty to one count of conspiracy to manufacture and distribute cocaine base in violation of 21 U.S.C. Secs. 841(a)(1) and 846. The court sentenced him to 78 months imprisonment, and four years supervised release. Burks appeals his judgment and sentence. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 A. Role in Offense
 
 3
 Burks argues that the court erred when it sentenced him as a minor, rather than minimal participant in the conspiracy. We review for clear error the court's factual determination. United States v. Zweber, 913 F.2d 705, 708-09 (9th Cir.1990). The adjustment for minimal participation is intended for "defendants who are plainly among the least culpable of those involved." U.S.S.G. Sec. 3B1.2 comment. (n. 1). "[A] defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant."
 
 
 4
 Burks admitted that he participated in the sale of crack cocaine on July 7 and July 13, 1992, that he knew the house from which the sales were made was a crack house where numerous drug transactions were occurring, and that he sold the drugs not for pecuniary gain, but to get a portion of the cocaine for his own use. He also signed a plea agreement indicating that he was entitled to a minor role adjustment. The court did not err. See Zweber, 913 F.2d at 710 (involvement in at least one other drug sale shows defendant did not play a minimal role).
 
 B. Criminal History
 
 5
 Burks asserts that two prior criminal convictions used to calculate his criminal history should have been treated as related cases under U.S.S.G. Sec. 4A1.2 because they were consolidated for sentencing. Whether two prior offenses are related is a mixed question of law and fact, which we review de novo. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992). But we review for clear error the underlying factual findings. Id.
 
 
 6
 Sentences for offenses that are separated by an intervening arrest are unrelated under Sec. 4A1.2 even if the cases were consolidated for sentencing. United States v. Gallegos-Gonzalez, 3 F.3d 325, 328 (9th Cir.1993).[1] An intervening arrest occurs when a defendant is arrested for the first offense before he commits the second offense. U.S.S.G. Sec. 4A1.2 comment. (n.3). The court adopted the factual findings of the presentence report, which indicated that Burks was arrested for the first offense on October 10, 1988, before he committed and was arrested for the second offense on February, 21 1989. At sentencing Burks said he believed that he was arrested for both offenses on the same day. He offered no supporting evidence. The court's factual findings were not clearly erroneous. Burks' intervening arrest required the court to treat the two offenses as unrelated. Gallegos-Gonzalez, 3 F.3d at 328.
 
 C. Ineffective Assistance
 
 7
 Burks alleges that he was denied effective assistance of counsel. Ineffective assistance claims are ordinarily considered in collateral proceedings, but may be reviewed on direct appeal "when the record on appeal is sufficiently developed to permit review and determination of the issue, or [ ] when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992) (citation omitted). The record here is insufficient to review his attorney's performance, and there has been no obvious denial of his right to counsel. We decline to review this claim.
 
 D. Withdraw of Plea
 
 8
 Burks protests that the court erred when it refused to grant the request he made by letter to withdraw his guilty plea. But Burks was told that he should file a motion and serve it on the United States. He never filed a motion.
 
 
 9
 We generally refuse to consider issues not raised below, except to prevent a miscarriage of justice, to address a new issue created by a change in the law while the appeal is pending, or to resolve a legal issue that does not depend on the factual record. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992). These exceptions do not apply. The judge properly questioned Burks in a colloquy to verify that his plea was voluntary. His claim is not supported by new law, and his allegations of coercion require the development of a factual record. We decline to consider this claim.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninith Circuit Rule 36-3
 
 
 [1]
 Burks moves to supplement the appellate record with the judgment and sentence orders from the two state court convictions to show that the cases were consolidated for sentencing. But whether they were consolidated is irrelevant because the offenses were separated by an intervening arrest. Moreover, these documents were not presented to the district court, and cannot be made a part of the record on appeal. United States v. Sanchez-Lopez, 879 F.2d 541, 548 (9th Cir.1989). Burks also moves to admit the correspondence between Burks and Judge Quackenbush. This was before the district court, and is part of the record on appeal. The motion to supplement the record is denied