36 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Andrew THOMPSON, Defendant-Appellant.
 No. 94-30042.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 22, 1994.
 
 Before: SNEED, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark Andrew Thompson appeals his sentence imposed following his guilty plea conviction of two counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a). Thompson contends that the district court erred by treating two prior burglary offenses as "unrelated" when it calculated his criminal history score under U.S.S.G. Sec. 4A1.2. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The question whether cases are related under U.S.S.G. Sec. 4A1.2 is a mixed question of law and fact, and therefore is reviewed de novo. United States v. Hummasti, 986 F.2d 337, 339 (9th Cir.), cert. denied, 113 S.Ct. 2984 (1993).
 
 
 4
 In determining a defendant's criminal history category pursuant to U.S.S.G. Sec. 4A1.1(b), the sentencing court must add two points for each prior sentence of imprisonment of at least 60 days. U.S.S.G. Sec. 4A1.1(b). Prior sentences in related cases are treated as one sentence for purposes of calculating criminal history points, while prior sentences in unrelated cases are to be counted separately. Id., Sec. 4A1.2(a)(2). Whenever offenses are separated by intervening arrests, the sentences for those offenses are unrelated, regardless of whether the sentencing was consolidated. Id., Sec. 4A1.2 comment. (n. 3); United States v. Gallegos-Gonzales, 3 F.3d 325, 327 (9th Cir.1993).
 
 
 5
 Here, Thompson challenges the district court finding that his two prior burglary offenses were "unrelated" when it calculated his criminal history score. Thompson argues that the two prior offenses should have been treated as "related" because they were charged under the same cause number, thereby reducing his criminal history score by two. This claim lacks merit because Thompson was arrested between these two offenses. See U.S.S.G. Secs. 4A1.2(a)(2), 4A1.2 comment. (n. 3); Gallegos-Gonzales, 3 F.3d at 327.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3