45 F.3d 437
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur LARA, Defendant-Appellant.
 No. 94-50194.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Dec. 27, 1994.
 
 Before: SNEED, D.W. NELSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arthur Lara appeals his 151-month sentence imposed following entry of a guilty plea to bank robbery in violation of 18 U.S.C. Sec. 2113(a). Lara contends that the district court erred by treating his prior state robbery convictions as "unrelated" offenses and sentencing him as a career offender under U.S.S.G. Sec. 4B1.1. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 "We review de novo the district court's interpretation of the career offender provisions of the Sentencing Guidelines." United States v. Gallegos-Gonzalez, 3 F.3d 325, 326 (9th Cir.1993).
 
 
 4
 A defendant is a career offender if he has at least two prior, unrelated felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. Secs. 4B1.1 & 4B1.2. Prior convictions are related if they result from offenses that were not separated by intervening arrests and that "(1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." U.S.S.G. Sec. 4A.2(a)(2), comment. (n. 3); see also Gallegos-Gonzalez, 3 F.3d at 326-27.
 
 
 5
 Lara contends that his state robbery offenses could not be counted separately for career offender sentence enhancement because they had a common scheme and were consolidated for sentencing. His contention lacks merit.
 
 A. Common Scheme or Plan
 
 6
 In determining whether prior offenses are part of a common scheme or plan, certain factors are considered: (1) whether the crimes were committed within a short period of time; (2) whether the crimes involved the same victim; (3) whether both crimes were solved during the course of one investigation; and (4) whether the offenses were similar. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992) (under earlier version of Sentencing Guidelines, prior offenses unrelated because they involved different modus operandi and different victims in spite of their closeness in time); see also Gallegos-Gonzalez, 3 F.3d at 328 (unrelated offenses if there is an intervening arrest); United States v. Davis, 922 F.2d 1385, 1389 (9th Cir.1991) (under 1989 version of the Sentencing Guidelines, prior crimes which were of a similar type and shared the same modus operandi were not necessarily part of a common scheme or plan); cf. United States v. Houser, 929 F.2d 1369, 1373-74 (9th Cir.1991) (prior narcotics offenses related where defendant was charged and convicted of two offenses merely because of geography and not because of the nature of the offenses).
 
 
 7
 Lara's prior robbery offenses occurred within two months of each other. However, closeness in time alone is not dispositive. See Chapnick, 963 F.2d at 227. Two different victims were targeted even though the victims were both car dealers. Lara did use a weapon to commit each robbery, and both robberies occurred during the test drive of a vehicle. However, similar modus operandi "is not enough to demonstrate a single common scheme or plan." Davis, 922 F.2d at 1389. Lara was arrested at the same time for both offenses but was prosecuted by two different prosecuting offices. Though some factors weigh in favor of finding the crimes related, we hold on the whole that Lara's prior offenses are not part of a common scheme or plan. See Gallegos-Gonzalez, 3 F.3d at 326-27; Chapnick, 963 F.3d at 226; Davis, 922 F.2d at 1389; cf. Houser, 929 F.2d at 1373-74.
 
 B. Consolidation For Sentencing
 
 8
 "[A]ll prosecutions combined for trial or sentencing count as a single conviction." United States v. Smith, 991 F.2d 1468, 1473 (9th Cir.1993) (quotations omitted) (prior convictions which were sentenced in the same proceeding by the same court under the same docket number are consolidated) (interpreting pre-1991 version of the Sentencing Guidelines); see also Davis, 922 F.2d at 1390-91 (no consolidation where the defendant was sentenced on the same day in separate courts for two separate offenses pursuant to a single plea agreement); cf. Gallegos-Gonzalez, 3 F.3d at 328 ("sentences for offenses separated by an intervening arrest are always unrelated ... regardless whether the cases were consolidated for sentencing"). A state trial court's determination whether to consolidate cases for sentencing controls. See Smith, 991 F.2d at 1473; see also Chapnick, 963 F.2d at 228 (prior convictions are consolidated when the court handling one offense transferred it to the court handling the other case for sentencing).
 
 
 9
 There is no intervening arrest here. Lara was convicted of two robberies, one pursuant to a plea agreement, one after a jury trial. He was sentenced on different days by different courts under different docket numbers. Additionally, the sentences for his two robbery convictions ran consecutively. Thus, Lara's prior convictions were not consolidated for sentencing. See Smith, 991 F.2d at 1473; Davis, 922 F.2d at 1390-91; cf. Gallegos-Gonzalez, 3 F.3d at 328. Lara argues that the two robberies "would have almost certainly been subject to consolidation" under state law if the offenses had occurred in one county. However, since the state trial court did not view the matters as consolidated,[1] we need inquire no further. See Smith, 991 F.2d at 1473; Chapnick, 963 F.2d at 228-29.
 
 
 10
 Accordingly, Lara's prior robbery offenses are unrelated and the district court properly classified Lara as a career offender. See U.S.S.G. Secs. 4B1.1, 4B1.2 & 4A1.2(a)(2); see also Gallegos-Gonzalez, 3 F.3d at 326-27.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Arthur Lara's request for oral argument, filed on October 21, 1994, is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The state trial court which handled one of Lara's robbery offenses indicated that it would not review Lara's sentence for the other offense. The court stated, "if I were the sentencing judge in Riverside I wouldn't have done what he did and so therefore, since I wouldn't have done what he did, I'll make it up here by resentencing. And I really think that is not correct judicial thinking. I don't think it is my role to review the matters in Riverside and say he got too little there, so I'm going to switch it around and give him a total where he gets more."