48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Hilario VASQUEZ-LOMBERA, Defendant-Appellant.
 No. 94-30312.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 23, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hilario Vasquez-Lombera appeals his sentence of 18 months imprisonment imposed following entry of a guilty plea to illegal reentry of a deported alien in violation of 8 U.S.C. Sec. 1326. Vasquez-Lombera contends that the district court erred by treating his two prior state offenses as "unrelated" when it computed his criminal history category under U.S.S.G. Sec. 4A1.2. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 The question whether cases are related under U.S.S.G. Sec. 4A1.2 is a mixed question of law and fact and therefore is reviewed de novo. United States v. Hummasti, 986 F.2d 337, 339 (9th Cir.), cert. denied, 113 S.Ct. 2984 (1993).
 
 
 4
 In determining a defendant's criminal history category, the district court is authorized to add two points for each prior sentence of imprisonment of at least sixty days. See U.S.S.G. Sec. 4A1.1(b). Prior sentences in related cases are treated as one sentence for the purpose of computing the defendant's criminal history category, while "[p]rior sentences imposed in unrelated cases are to be counted separately." U.S.S.G. Sec. 4A1.2(a)(2). We have held that "sentences for offenses separated by an intervening arrest are always unrelated under section 4A1.2 as amended in 1991, regardless whether the cases were consolidated for sentencing." United States v. Gallegos-Gonzalez, 3 F.3d 325, 328 (9th Cir.1993); see also U.S.S.G. Sec. 4A1.2, comment. (n. 3) ("[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)").
 
 
 5
 Vasquez-Lombera contends that his prior state convictions of carrying a concealed weapon in a vehicle and battery were related because they were consolidated for sentencing. This contention lacks merit because Vasquez-Lombera's two offenses were separated by an intervening arrest. See Gallegos-Gonzalez, 3 F.3d at 328; see also U.S.S.G. Sec. 4A1.2, comment. (n. 3).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3