70 F.3d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby Mitchell BAKER, Defendant-Appellant.
 No. 94-10516.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 18, 1995.
Decided Nov. 13, 1995.
 
 Before: GOODWIN and HAWKINS, Circuit Judges and FITZGERALD*, District Judge.
 MEMORANDUM[1]
 Bobby Baker appeals his sentence of 175 months imposed as a career criminal following a guilty plea to violation of 18 U.S.C. Sec. 2113(a) (bank robbery). His prior convictions, for guideline sentencing purposes, included robbing one bank in San Diego, and one bank in Las Vegas eight days later, in 1984. Baker contends that the district court erred by treating his two prior bank robbery convictions as unrelated offenses and thus misapplied U.S.S.G. Sec. 4A1.2(a)(2) (1994). We affirm the judgment.
 A defendant is a career offender if he has at least two prior, unrelated felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. Secs. 4B1.1 & 4B1.2 (1994). Baker's San Diego and Las Vegas convictions qualify as felonies and as crimes of violence. The first question is whether they are "related" within the specialized meaning of the cited sections.
 Prior convictions are related if they result from offenses that were not separated by intervening arrests and that "(1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." U.S.S.G. Sec. 4A1.2(a)(2), Application Note 3; see also, United States v. Gallegos-Gonzalez, 3 F.3d 325, 326-27 (9th Cir.1993).
 Baker contends that his two prior bank robbery offenses were not separated by an intervening arrest, which the government concedes. Baker then asserts that they were part of a common scheme and were consolidated for sentencing. His argument fails on both points.
 A. CONSOLIDATION FOR SENTENCING
 "[A]ll prosecutions combined for trial or sentencing count as a single conviction." United States v. Smith, 991 F.2d 1468, 1473 (9th Cir.1993) (internal quotations and citation omitted). See U.S.S.G. Sec. 4A1.2, Application Note 3. No formal order of consolidation is required for cases to be deemed "consolidated for sentencing" under the career offender provision. U.S. v. Chapnick, 963 F.2d 224, 228 (9th Cir.1992). However, the sentencing court must intend to consolidate either the trial or the sentencing proceedings to serve "the ends of justice." Chapnick, 963 F.2d at 229.
 Because the guidelines provide no bright-line rule, we have adopted a functional, fact-specific case by case approach. When the trial court's intent is clear, we review the sentence for compliance with the plain meaning of the statutes and guidelines. Case law teaches that a sentencing court considering prior convictions should consider, inter alia, whether sentencing occurred 1) on the same day, 2) in the same court, 3) for the same offenses, 4) pursuant to a single plea agreement, 5) under the same docket number, and 6) whether concurrent sentences were imposed. See U.S. v. Davis, 922 F.2d 1385, 1390-91 (9th Cir.1991); Chapnick, 963 F.2d at 228. However, these are only factors to be considered, interpretive guideposts which are not amenable to mechanistic application, none of which alone is dispositive. Davis, 922 F.2d at 1390-91 (neither fact that sentencing occurred on same day or fact that concurrent sentences given is dispositive).
 Baker was arrested by federal agents for robbing banks in two different federal judicial districts on different dates, arranged a plea bargain with his prosecutors from both districts and agreed to a transfer from California to Nevada pursuant to Fed.R.Crim.P. 20(a)[2]. Baker was sentenced on different days by different judges under different docket numbers. See Davis, 922 F.2d at 1390-91 (9th Cir.1991); cf. Smith, 991 F.2d at 1473; Chapnick, 963 F.2d at 228. These factors support, although they do not compel, a finding that the cases were not consolidated for sentencing.
 Baker argues that the concurrent sentences given pursuant to a Rule 20 transfer and his unitary plea negotiations with the government render the cases consolidated for sentencing. However, in 1984, Rule 20 plea agreements and concurrent sentences standing alone had no meaning for future guideline sentencing purposes. These pleas and concurrent sentences were routinely employed in the district courts of this circuit to expedite cases and reach sentences pursuant to agreements that never contemplated the future creation of computer sentencing under an elaborate system of rules that replaced to a large extent the exercise of judicial discretion. This fact, in the sentencing environment of 1984, did not automatically create a "consolidated for sentencing" trap for the government in some future time when guideline sentencing might give special significance to consolidation.
 In Davis, 922 F.2d at 1390-91, we held that the bare fact that a sentence was ordered to run concurrently with any prior sentences without any other showing that the sentences were related did not render two cases consolidated for sentencing. We treat Davis as having continuing vitality, and hold that Baker's 1984 prior convictions were not consolidated for sentencing. See also U.S. v. Taylor, 984 F.2d 298 (9th Cir.1993) (cases not consolidated where concurrent sentence given but no indication sentencing judge considered the offenses related).
 While Baker concedes that sentencing took place in separate courtrooms on different days, he argues that these facts had more to do with the fortuity of when his paperwork from California arrived than with any judicial intent to treat the two cases as discrete prosecutions. We find nothing in the circumstances of the Rule 20 transfer, plea bargain, and concurrent sentences to suggest that the sentencing courts intended to give Baker any benefit other than concurrent service of two sentences. There is nothing about Baker's criminal history to suggest that any court thought the ends of justice required that he be given a pass for one of his felonies merely because he was allowed to serve two separate sentences at the same time.
 
 
 1
 We recognize, as does the Sentencing Commission, that in many cases the definition of related cases in the Sentencing Guidelines may be overly broad, resulting in some cases in a criminal history score that underrepresents the defendant's criminal history and the danger he poses to the public. Nothing we say in this case is intended to comment on the availability of an upward departure in the event a judge imposing a sentence under the guidelines is confronted with a record in which it is unclear whether the relevant prior convictions were intended to have been consolidated for sentencing. We hold only that in this case, Baker's convictions were not consolidated for sentencing within the meaning of U.S.S.G. Sec. 4A1.2, Application Note 3.
 
 B. COMMON SCHEME
 
 2
 Baker also contends that his prior bank robberies were part of a common scheme or plan and therefore cannot be counted separately under the career offender provision. Other than Baker's documented record of robbing banks whenever he was not in custody during more than three decades of intermittent prison terms, and the resulting inference that he was, by occupation, a bank robber, there is nothing else about the San Diego and Las Vegas robberies to suggest that those two crimes were part of a common scheme within the meaning of the guidelines. The trial court was clearly correct in treating them as separate offenses, one of which had been transferred to the District of Nevada for Rule 20 purposes. There was no error in treating the two prior convictions as separate crimes and separate convictions.
 
 
 3
 The judgment is AFFIRMED.
 
 
 
 *
 The Honorable James M. Fitzgerald Senior United States District Judge for the District of Alaska sitting by designation
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [2]
 Fed.R.Crim.P. 20(a) provides that a defendant "arrested, held, or present" in a district other than the district in which he is charged with a criminal offense may plead guilty in the district in which he is "arrested, held, or present." Fed.R.Crim.P. 20(a)