92 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Lee ALEXANDER, Defendant-Appellant.
 No. 95-10254.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Lee Alexander appeals pro se his jury conviction and sentence for bank robbery in violation of 18 U.S.C. § 2113(a). Alexander contends: (1) the evidence presented at trial was insufficient to support his conviction; (2) the prosecutor engaged in misconduct; (3) the district court erred by concluding that he was a career offender; and (4) the district court improperly imposed restitution.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 Alexander asserts that the evidence presented at trial was insufficient to support his conviction because there was no concrete evidence that connected him to the robbery.
 
 
 4
 To determine whether there was evidence sufficient to support a conviction, we view the evidence in the light most favorable to the prosecution and ask whether any rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Riggins, 40 F.3d 1055, 1057 (9th Cir.1994).
 
 
 5
 Here, the teller who was robbed identified Alexander as the robber. Additionally, several witnesses testified that they saw Alexander leave the bank and that they chased Alexander from the bank following the robbery. Alexander's fingerprints were found on a deposit slip that the robber presented to the teller during the robbery. While it is true that Alexander's fingerprints were not recovered from the bag containing the stolen funds, viewed in the light most favorable to the government, the evidence presented was sufficient to support Alexander's conviction for bank robbery. See Jackson, 443 U.S. at 319.
 
 
 6
 Alexander contends that the prosecutor engaged in misconduct during opening statement and closing argument.
 
 
 7
 Because Alexander did not object to the prosecutor's statements during trial, our review is for plain error. See United States v. De Cruz, 82 F.3d 856, 861 (9th Cir.1996). Plain error is a "rigorous standard" and therefore, the power to reverse for plain error is "to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." Id. at 862.
 
 
 8
 Here, Alexander fails to articulate any misconduct on the part of the prosecutor that would warrant reversal under the plain error standard. See id. at 861-62. Alexander offers little more than broad generalizations regarding the prosecutor's conduct; the record does not support his broad contentions. The only specific incident Alexander points to is the prosecutor's statement during closing argument that the bank teller's testimony alone was probably sufficient to prove Alexander's guilt. Even assuming error, this statement is not the sort of error that if not corrected would result in a miscarriage of justice. See id. at 862.
 
 
 9
 Alexander contends that the district court improperly sentenced him as a career offender under the Sentencing Guidelines because robbery is not a crime of violence; his prior robbery sentences were related and therefore should not have been counted separately; and the district court erred by denying him an evidentiary hearing regarding his claims that his trial counsel provided ineffective assistance in his prior robbery cases. We disagree.
 
 
 10
 We review de novo a district court's interpretation of the career offender provisions of the Sentencing Guidelines. See United States v. Gallegos-Gonzales, 3 F.3d 325, 326 (9th Cir.1993). A defendant is a career offender if his current conviction is for a felony that is a crime of violence and he has at least two prior felony convictions for a crime of violence. See U.S.S.G. § 4B1.1; United States v. Selfa, 918 F.2d 749, 751 (9th Cir.), cert. denied, 498 U.S. 986 (1990).
 
 
 11
 Here, prior to the instant offense, Alexander had been convicted of bank robbery on four separate occasions, each separated by an intervening arrest. Alexander's first claim fails because robbery is a crime of violence under the Sentencing Guidelines. See U.S.S.G. § 4B1.2, comment. (n. 2); Selfa, 918 F.2d at 751. Alexander's second claim fails because prior sentences are not considered related if they were for offenses that were separated by an intervening arrest. See U.S.S.G. §§ 4A1.2, comment. (n. 3); Gallegos-Gonzalez, 3 F.3d at 328. Alexander's third claim fails because a defendant has no right to collaterally attack his prior convictions at sentencing unless they were obtained in violation of his right to counsel. See United States v. Custis, 114 S.Ct. 1732, 1734 (1994); United States v. Burrows, 36 F.3d 875, 885 (9th Cir.1994).
 
 
 12
 Alexander contends that the district court erred by imposing restitution because it relied on incorrect information regarding the amount of loss and because the court abdicated its judicial function by relying on information contained in the presentence report ("PSR").
 
 
 13
 We review for an abuse of discretion a district court's decision to impose restitution, and review for clear error the court's findings regarding the amount of restitution imposed. See United States v. Miguel, 49 F.3d 505, 508 (9th Cir.), cert. denied, 115 S.Ct. 2628 (1995). A district court has broad discretion with regard to the kind and amount of evidence it deems relevant to its determination regarding the imposition of restitution. See id. at 511. This information includes that provided in the PSR. See 18 U.S.C. § 3664(b) (1994); see, e.g., Miguel, 49 F.3d at 508 (noting district court's reliance for restitution purposes on information in PSR regarding victim's medical expenses).
 
 
 14
 Here, because it is authorized by law to do so, the district court did not abdicate its judicial function by relying on information provided in the PSR, nor did the court abuse its discretion by imposing restitution. See 18 U.S.C. § 3664(b); Miguel, 49 F.3d at 508. The court ordered Alexander to pay ninety-three dollars in restitution based on the amount of unrecovered bank funds and on the amount of hourly wages lost by the bank teller after the robbery. The court's finding that ninety-three dollars was the proper amount of restitution is supported by the record and is not clearly erroneous. See Miguel, 49 F.3d at 508.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Alexander's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his reply brief, Alexander contends that he was denied the right to effectively represent himself during pre-sentencing and post-sentencing proceedings, and that his concurrent sentence was changed and increased without his presence in court. We will not consider these contentions because Alexander raises them before this court for the first time in his reply brief. See United States v. Birtle, 792 F.2d 846, 848 (9th Cir.1986)