114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis Earl McKINLEY, Defendant-Appellant.
 No. 96-50538.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 19, 1997.*
Decided May 28, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis Earl McKinley appeals his sentence for bank robbery in violation of 18 U.S.C. § 2113(a). McKinley contends the district court erred in treating his prior state convictions as unrelated and sentencing him as a career offender pursuant to USSG § 4B1.1. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Whether two prior convictions are related for purposes of career offender status, is a mixed question of law and fact subject to de novo review. See United States v. Davis, 922 F.2d 1385, 1387 (9th Cir.1991). "In order to qualify as a career offender, a defendant must have at least two prior felony convictions of either a crime of violence or a controlled substance offense." United States v. Gallegos-Gonzalez, 3 F.3d 325, 326 (9th Cir.1993). "Moreover, at least two of these prior convictions must have sentences which are counted separately--that is, sentences imposed in unrelated cases." Id.; see also USSG §§ 4B1.2(3); 4A1.2(a)(2) (1995). Prior sentences are considered related if they resulted from offenses that (1) occurred on a single occasion; (2) were part of a single common scheme or plan; or (3) were consolidated for trial or sentencing. See United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992); USSG § 4A1.2, comment. (n. 3).[1]
 
 
 4
 McKinley first argues that although only two of his four state convictions were formally consolidated, all of them were "effectively" consolidated because they resulted in concurrent sentences. This argument lacks merit because the state court's imposition of concurrent sentences does not necessarily establish that the offenses were consolidated and McKinley was sentenced by three different courts on three separate occasions. See Davis, 922 F.2d at 1390-91 (holding that sentences were not effectively consolidated where defendant given concurrent sentences by two different state courts).
 
 
 5
 McKinley next argues that the characteristics of his four prior state robberies are so similar that they must be considered as part of a "common scheme or plan." This contention also lacks merit. Although the priors had a similar modus operandi and perhaps a similar motive, there was no evidence that they were conceived as a common "program of action." See Chapnick, 963 F.2d at 227 & n. 5 (holding robberies committed two weeks apart were not related despite common motive); see also Davis, 922 F.2d at 1389 (holding that modus operandi not enough to demonstrate common scheme or plan). In addition, the robberies committed by McKinley involved different victims. See Chapnick, 963 F.2d at 227 (noting that fact that crimes involved different victims is a factor other courts have frequently deemed determinative in holding prior offense unrelated to each other); cf. United States v. Houser, 929 F.2d 1369, 1374 (9th Cir.1991) (holding that two prior convictions were part of common scheme where both involved drug sales to the same agent and resulted from a single investigation). The district court's judgment is therefore
 
 
 6
 AFFIRMED.
 
 
 7
 REINHARDT, Circuit Judge, concurring.
 
 
 8
 I concur only because the precedent in this circuit compels that result.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In 1991, Note 3 was amended to reflect that sentences for offenses separated by an intervening arrest are always treated as unrelated even if they otherwise satisfy the relevant criteria. See Gallegos-Gonzalez, 3 F.3d at 328. Because none of McKinley's prior offenses were separated by an intervening arrest, that provision is not at issue here