**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Noel Roman GIMENO, Defendant—**
**Appellant.**

**No. 01–10170.**

**D.C. No. CR–00–00018–KJD.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2002.*

Decided July 29, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

## MEMORANDUM **

Noel Roman Gimeno appeals his 140–month sentence imposed following his guilty plea conviction for conspiracy to distribute and distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We review de novo the district court's interpretation of the career offender provisions of the sentencing guidelines, *United States v. Gallegos–Gonzalez*, 3 F.3d 325, 326 (9th Cir.1993), and we affirm.

Gimeno contends that the district court erred by sentencing him as a career offender based on two prior state drug convictions because those convictions arose from related cases and should have been treated as one prior. *See* U.S.S.G. §§ 4B1.2(c), 4A1.2(a)(2). The district court did not err, however, because the underlying offenses were separated by an intervening arrest. *See Gallegos–Gonzalez*, 3 F.3d at 328 ("[S]entences for offenses separated by an intervening arrest are always unrelated … regardless whether the cases were consolidated for sentencing."); U.S.S.G. § 4A1.2 comment n. 3. Accordingly, we affirm Gimeno's sentence.

**AFFIRMED.**[1]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. All pending motions are denied.

