UNITED STATES of America,
Plaintiff–Appellee,

v.

Eduardo AGUILAR CAMACHO,
Defendant–Appellant.

No. 03–10397.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2004.*

Decided June 18, 2004.

William S. Wong, AUSA, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Timothy E. Warriner, Esq, Law Office of Tim Warriner, Sacramento, CA, for Defendant–Appellant.

Before: HALL, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Eduardo Aguilar Camacho appeals from the district court's judgment re-sentencing

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

him, pursuant to a guilty plea, to 151 months in prison for aiding and abetting distribution of methamphetamine and conspiracy to distribute methamphetamine, violations of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

Camacho contends the district court erred in denying him a continuance of the re-sentencing proceedings. We review a district court's denial of a request to continue for abuse of discretion. *See United States v. Nguyen,* 88 F.3d 812, 819 (9th Cir.1996). We conclude that the district court did not abuse its discretion because counsel was adequately prepared and there was no actual prejudice to Camacho's defense. *See id.*

Camacho contends next that the district court erred by failing to make adequate findings at re-sentencing under Fed.R.Crim.P. 32. A district court's failure to make findings pursuant to Rule 32 is reviewed de novo. *United States v. Tam,* 240 F.3d 797, 803 (9th Cir.2001). We conclude that the district court's findings were adequate because a district court may determine that a ruling is unnecessary by relying on the pre-sentence report. *See id.* at 804; *see also* Fed. R.Crim.P. 32(i)(3)(B).

Lastly, Camacho contends that the district court erroneously ruled that two of his prior offenses were "unrelated" for purposes of calculating his criminal history under the Sentencing Guidelines. We review de novo. *See United States v. Davis,* 922 F.2d 1385, 1388 (9th Cir.1991), *distinguished on other grounds by Buford v. United States,* 532 U.S. 59, 63–64, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001). The offenses were similar and occurred within a short time of each other, but they were separated by an intervening arrest which makes them "unrelated" under the clear language of the Guidelines. *See United States v. Gallegos–Gonzales,* 3 F.3d 325, 326–27 (9th Cir.1993); *see also* U.S.S.G. § 4A1.2 cmt. n. 3.

AFFIRMED.