**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Julius Darnell ROBERTS, Defendant—
Appellant.**

**No. 04–30212.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 6, 2005.*

Decided Aug. 19, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stephanie Whitaker, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

John C. Perry, Esq., Spokane, WA, for Defendant–Appellant.

** This disposition is not appropriate for publication and may not be cited to or by the

Before: WALLACE, SILVERMAN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Julius Darnell Roberts appeals from his sentence imposed following his guilty plea conviction for possession with intent to distribute 50 grams or more of cocaine base and being a felon in possession of a firearm, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. §§ 922(g)(1) and 924 respectively. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Roberts contends that the district court should have granted his motion to suppress evidence seized during the execution of the search warrant at his residence. A review of the record supports the district court's finding that the warrant used to search Roberts' premises was supported by probable cause. Although Roberts contends that there is no evidence that the informants had provided reliable information in the past, other indicia of reliability are present.

The informants' veracity was buttressed by the similarity of their accounts and by the detailed information they provided. The tips were then corroborated by the controlled buy conducted by the police with the assistance of one of the informants. Viewing the totality of the circumstances, there was "a fair probability that contraband or evidence of a crime" would be found at Roberts' apartment. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (stating that probable cause exists where, under the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place");

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*see also United States v. Wong,* 334 F.3d 831, 836 (9th Cir.2003) ("Probable cause exists if it would be reasonable to seek the evidence in the place indicated in the affidavit." (internal quotation omitted)).

[redacted] Roberts additionally contends that the district court erred by classifying him as a career offender under the United States Sentencing Guidelines. We have previously held that "sentences for offenses separated by an intervening arrest are always unrelated under section 4A1.2 [of the Sentencing Guidelines] as amended in 1991, regardless whether the cases were consolidated for sentencing." *United States v. Gallegos–Gonzalez,* 3 F.3d 325, 328 (9th Cir.1993). Roberts does not contest that the two relevant 1996 convictions resulted from separate arrests. Rather, he asserts that because no charges were filed for the first offense until after his second arrest, at the time of his second offense he was not on notice that he was likely facing punishment for the earlier offense. This argument is unavailing and does not remove the case from our holding in *Gallegos–Gonzalez.* Because the two 1996 convictions place Roberts squarely within the definition of a career offender, we need not address his remaining contention regarding whether his 1998 conviction for Third Degree Assault qualified as a crime of violence.

[redacted] In supplemental briefing requested by the Court, Roberts contends that resentencing is required pursuant to *United States v. Booker,* ––– U.S. ––––, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *United States v. Ameline,* 409 F.3d 1073 (9th Cir. 2005) (en banc). The imposition of an enhanced sentence due to Roberts' prior convictions did not violate the Sixth Amendment. *See United States v. Moreno–Hernandez,* No. 03–30387, ––– F.3d ––––, ––––, 2005 WL 1560269, *8 n. 8 (9th Cir. Jul.5, 2005). Nevertheless, the district court sentenced Roberts with the understanding that the Sentencing Guidelines were mandatory. Following the Supreme Court's decision in *Booker,* we now know this is a "nonconstitutional" error. Because we cannot determine from the record whether the district court would have imposed a materially different sentence if it had known the Guidelines were advisory, we grant a "limited remand." *See Moreno–Hernandez,* ––– F.3d at ––––, 2005 WL 1560269, at *9 (concluding that a limited remand is warranted in *all* pending direct appeals involving unpreserved *Booker* errors, whether constitutional or nonconstitutional).

Conviction AFFIRMED; Sentence REMANDED.