**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gilbert ENCINAS, Defendant–Appellant.**

No. 06–50350.

United States Court of Appeals,
Ninth Circuit.

Submitted March 9, 2007.*

Filed March 14, 2007.

⚷866

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

---

Becky S. Walker, Esq., Evan J. Davis, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

James P. Cooper, III, Esq., Los Angeles, CA, for Defendant–Appellant.

Before: RYMER, WARDLAW, and SMITH, Circuit Judges.

### MEMORANDUM **

Gilbert Encinas appeals his sentence after pleading guilty to conspiracy, possession of fifteen or more unauthorized access devices, and aggravated identity theft. We affirm.

■ Encinas would not have been entitled to an adjustment under U.S.S.G. § 5G1.3(b) for the time he spent in state custody had that term of imprisonment been undischarged, because the district court found that this custody was due to parole revocation. *See* U.S.S.G. § 5G1.3,

Application Note 3(C). Accordingly, Encinas was not entitled to a downward departure under the Guidelines for his discharged term of state imprisonment. *See id.,* Application Note 4; U.S.S.G. § 5K2.23. Although Encinas asserts on appeal that he was held in state custody for reasons other than a parole violation, he did not argue this to the district court and nothing in the record supports his contentions.

■ The district court correctly counted both of Encinas's unlicensed driver convictions under the Guidelines. Because the two offenses were separated by an intervening arrest, they cannot be considered related under U.S.S.G. § 4A1.2 & Application Note 3. *See United States v. Asberry,* 394 F.3d 712, 718–19 (9th Cir.2005); *United States v. Gallegos–Gonzalez,* 3 F.3d 325, 326–28 (9th Cir.1993). To the extent the authorities Encinas relies on are to the contrary, they were superceded by the 1991 amendments to § 4A1.2, as we expressly noted in *Gallegos–Gonzalez,* 3 F.3d at 327–28. Moreover, both offenses occurred within ten years of Encinas's "commencement of the instant offense." U.S.S.G. § 4A1.2(e)(2). Encinas's contention that after *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court was free to disregard these requirements in its threshold Guidelines calculation is directly contrary to our precedent. *See, e.g., United States v. Cantrell,* 433 F.3d 1269, 1279–80 (9th Cir.2006).

■ Nor was Encinas entitled to a downward departure under the Guidelines because of his family circumstances, as he was not an "irreplaceable caretaker" of his children. *See United States v. Leon,* 341 F.3d 928, 931–32 (9th Cir.2003). The dis-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

trict court's finding that it is "highly unlikely that [Encinas] was supporting his children" is amply supported by the record, which documents how several members of Encinas's "extremely close" family and other relatives of the children have raised and will continue to raise them.

■ The district court's ultimate decision to sentence Encinas at the bottom of the Guidelines range was not unreasonable for any of the reasons he identifies. The district court explained how any mitigation from the circumstances upon which Encinas relies was more than offset by other 18 U.S.C. § 3553(a) factors pointing the other direction. Nor was it unreasonable for the district court to conclude that the Guidelines appropriately captured the seriousness of Encinas's criminal history, for the reasons it gave.

AFFIRMED.